IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                                **Case No. 1:11-cv-310 PJK/DJS**

**2008 TOYOTA CAMRY LE**
*VIN:4T1BE46K58U787702*,

    **Defendant,**

**and**

**DOMINIC LUERAS,**

    **Claimant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on: (1) the *Order to Show Cause* filed June 14, 2011 [Doc. 16 ("First Order to Show Cause")]; (2) the *Order to Show Cause* filed June 29, 2011 [Doc. 21 ("Second Order to Show Cause")]; (3) attorney Gene Chavez's response to the First Order to Show Cause [Doc. 19]; and (4) the statements of counsel at a show cause hearing conducted July 7, 2011. For the reasons stated below, the Court: (1) will not recommend contempt proceedings; and (2) orders Claimant's counsel Gene Chavez to pay the Plaintiff $225.36 as a sanction for his failure to attend two court-ordered conferences.

**I.     BACKGROUND**

This is a forfeiture case involving a vehicle seizure; the United States of America is the plaintiff. Mr. Chavez formerly represented the claimant, Dominic Lueras. Mr. Chavez has withdrawn and the claimant is now represented by Mr. Chavez's associate, Rodney Gabaldon.

Mr. Chavez failed to attend the Rule 16 scheduling conference for this case on June 14, 2011. The Court issued the First Order to Show Cause directing Mr. Chavez to show cause in writing why

he should not be sanctioned for his failure to appear at the scheduling conference.  The First Order to Show Cause also directed Mr. Chavez to appear at a conference in chambers on June 28, 2011. [Doc. 16.]

Mr. Chavez filed a timely written response to the First Order to Show Cause [Doc. 16], but failed to appear at the conference in chambers on June 28.  The Court therefore issued its Second Order to Show Cause directing Mr. Chavez to appear at a hearing on July 14, 2011 and show cause why the undersigned magistrate judge should not certify this matter for contempt proceedings pursuant to 28 U.S.C. § 636(e)(6).  [Doc. 21.]

## II.     LEGAL STANDARDS

### A.     Contempt

Unless the conduct constituting contempt may be punished summarily, which is not the case here,[1] a magistrate judge may initiate contempt proceedings by certifying facts to a district judge. 28 U.S.C. § 636(e)(2), (6).  The district judge then hears evidence as to the act or conduct complained of, and punishes the contemnor if the conduct is sufficient to warrant punishment.  28 U.S.C. § 636(e)(6). An attorney's absence from a properly-noticed court proceeding may constitute criminal contempt if the conduct was wilful.  *See In re Contempt Order*, 441 F.3d 1266, 1268–69 (10th Cir. 2006).  A willful state of mind is an essential element of criminal contempt.  *Id.* at 1268 (citing *United States v. Themy-Kotronakis*, 140 F.3d 858, 861 (10th Cir. 1998)).

### B.     Rule 16(f) Sanctions

The undersigned has the authority conferred on magistrate judges under 28 U.S.C. 636(b)(1)(A) to decide matters involving nondispositive sanctions.  *Hutchinson v. Pfeil*, 105 F.3d

---

[1] An attorney's failure to appear does not occur in the presence of the court and therefore may not be punished by summary proceedings.  *See In re Contempt Order*, 441 F.3d 1266, 1268 (10th Cir. 2006).

563, 565 (10th Cir. 1997); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1465 (10th Cir. 1988). Rule 16(f) of the Federal Rules of Civil Procedure states:

> (1) *In general*. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii) – (vii), if a party or its attorney:
> (A) fails to appear at a scheduling or other pretrial conference;
> (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or
> (C) fails to obey a scheduling or other pretrial order.
>
> (2) *Imposing Fees and Costs*. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 16(f).

Subsection (f) gives courts "very broad discretion to use sanctions where necessary to insure not only that lawyers and parties refrain from contumacious behavior, already punishable under the various other rules and statutes, but that they fulfill their high duty to ensure the expeditious and sound management of the preparation of cases for trial." *In re Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984). Monetary sanctions under Rule 16(f) should be proportionate to the seriousness of the violation and reflect where the fault lies, with counsel or client. *Turnbull v. Wilcken*, 893 F.2d 256, 259 (10th Cir. 1990).

## III. ANALYSIS

### A. Contempt

At a show cause hearing on July 7, 2011, the Court afforded Mr. Chavez an opportunity to explain his two failures to appear and thereby avoid a contempt recommendation. Mr. Chavez explained that he had been experiencing personal difficulties, specifically, marital problems, and that the personal turmoil threw his practice into general disarray. The Court assumes from this

explanation that his failures to appear were inadvertent. Based on his explanation, the Court declines to certify this matter for contempt proceedings.

### B.   Rule 16(f) Sanctions

Though the Court finds Mr. Chavez did not have the requisite intent to support a contempt charge, intentional violation is not required for imposition of sanctions under Rule 16(f). *RTC v. Williams*, 165 F.R.D. 639, 643 (D. Kan. 1996) (citing *In re Baker*, 744 F.2d 1438, 1440 (10th Cir. 1994)). Mr. Chavez's failure to appear at two court-ordered conferences is sanctionable conduct under Rule 16 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 16(f)(1)(A), (C). A sanction of attorney fees under Rule 16(f) is mandatory unless the Court determines the failures to appear were substantially justified, or there are other circumstances that make an award unjust. *See Lillie v. United States*, 40 F.3d 1105, 1110 (10th Cir. 1994).

#### 1.   Mr. Chavez's failures to appear were not substantially justified.

Mr. Chavez acknowledges his mistakes and apologized to the Court and opposing counsel. The Court nevertheless concludes his failures to appear at the two conferences, though perhaps inadvertent, were not substantially justified.

Mr. Chavez attributes his failure to attend the scheduling conference on June 14 to his associate, Mr. Gabaldon. [Doc. 19.] Mr. Chavez states he forwarded the notice of the scheduling conference to Mr. Gabaldon and mistakenly assumed Mr. Gabaldon would read it. [Doc. 19, ¶ 4.] It is not clear whether Mr. Chavez intended Mr. Gabaldon attend the scheduling conference, or merely remind him of the setting. Either way, Mr. Chavez was not substantially justified in relying upon his associate. Mr. Chavez was the only attorney of record at the time of the scheduling conference. Mr. Gabaldon did not enter an appearance until after the First Order to Show Cause. [Doc. 18.] It was Mr. Chavez's responsibility, as the attorney of record, to read notifications from

the Court, to be aware of settings, and to attend the conference.

Mr. Chavez attributes the second failure to appear to disturbances in his personal life, specifically, marital difficulties.[2] However, Mr. Chavez was unable to provide an explanation as to why he filed a written response to the First Order to Show Cause but failed to attend the June 28 conference, nor did he explain his failure to communicate his inability to attend to the Court or to opposing counsel.

As a licensed attorney, Mr. Chavez owes a duty to the Court, to his client, and to opposing counsel despite problems in his personal life. Furthermore, having missed one conference that subjected him to an order to show cause, the Court would have expected Mr. Chavez to exercise increased vigilance to prevent such a failure from recurring. The Court thus finds it particularly inexcusable for Mr. Chavez to miss a second conference in the same case two weeks later.

### C. A sanction would not be unjust.

Mr. Chavez has not shown good cause why he should not be sanctioned and the Court does not find that a sanction would be unjust merely because he was experiencing marital difficulties. Mr. Chavez is not a novice attorney. According to his website,[3] he has over ten years of "extensive" litigation experience. With this level of experience, the Court expects Mr. Chavez to have implemented basic staff and calendaring protocols to ensure that he is aware of and does not miss court settings despite the distraction of events in his personal life. The Court also would have expected increased vigilance after Mr. Chavez missed the first conference. Yet he failed to take appropriate measures and missed another just two weeks later.

---

[2] The details of Mr. Chavez's personal difficulties were stated on the record at the show cause hearing on July 7, 2011.

[3] www.chavezlawoffices.com.

5

Furthermore, an award is not unjust merely because the Plaintiff in this case is the United States, represented by the United States Attorney who does not bill his client in the usual sense. The Court finds no reason Mr. Chavez should avoid a sanction that is otherwise appropriate merely because the burden of his noncompliance fell on the taxpayers rather than a private client.

**D.     Amount and nature of the sanction**

At the Court's direction, the Assistant United States Attorney assigned to this case submitted a declaration certifying the amount of fees expended for the two missed conferences and the show cause hearing. The total amount submitted is $225.36, which consists entirely of attorney time. Plaintiff incurred no expenses other than attorney time.

The Court has reviewed the hourly rates and the amount of time counsel expended and concludes $225.36 accurately reflects the amount incurred directly related to Mr. Chavez's failures to comply with the Court's orders. A representative of the government was required to appear at two conferences in chambers, both of which Mr. Chavez failed to attend, and a show cause hearing. The Court further finds the amount is reasonable, proportionate to the violation, and indeed modest. The fault and therefore the sanction lies solely on Mr. Chavez, not his client, and is not subject to reimbursement.

**IT IS ORDERED** that within seven days from the date of this Order, Mr. Chavez shall (1) pay the United States $225.36 as a sanction for failing to attend the conferences on June 14 and June 28, and (2) file with the Court a certificate indicating he has complied with this order.

_____
**DON J. SVET**
**United States Magistrate Judge**