IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>2008 TOYOTA CAMRY LE<br>*VIN: 4T1BE46K58U787702*,<br><br>    Defendant,<br><br>and<br><br>DOMINIC LUERAS,<br><br>    Claimant. | No. 1:11-cv-00310-PJK-DJS |

MEMORNADUM OPINION AND ORDER

THIS MATTER comes on for consideration of Plaintiff's Motion to Strike Answer for Lack of Standing filed September 26, 2011 (Doc. 31).  Upon consideration thereof,

(1) In this in rem civil forfeiture case, Claimant Dominic Lueras filed an answer to the complaint, but has yet to file a claim (timely or otherwise) as provided for in the Notice of the Complaint for Forfeiture ("Notice").  See Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Supp. R. G(5)(a)(i) & (ii).  The government advances several arguments in support of its motion to strike under Supp. R.

G(8)(c)(i).  It argues that an unverified answer does not constitute a valid claim (which must be signed by the claimant under penalty of perjury), therefore, the court should strike Claimant's answer.  It further argues for strict compliance with the time limits in the Notice and in Supplemental Rule G(5), informing the court that, based upon prior proceedings involving the property, Claimant was undoubtedly aware of the need to file a judicial claim.  It further argues that Claimant's prior administrative claim cannot do the work of a judicial claim.

(2) The parties recognize that the court has discretion to extend the time for filing a verified claim.  See United States v. $125,938.62, 370 F.3d 1325, 1328–29 (11th Cir. 2004).  The Tenth Circuit has held that late filing may be allowed only where consistent with the purpose behind the time restriction and verification, i.e., forcing claimants to come forward promptly so claims may be resolved without delay and preventing false claims.  See United States v. 51 Pieces of Real Prop. Roswell, N.M., 17 F.3d 1306, 1318 (10th Cir. 1994).  Here, Claimant came forward promptly prior to these proceedings and the government undoubtedly was aware given service on Claimant.  Though a verified administrative complaint will not suffice, it does suggest that Claimant is willing to stand behind his claim.  The court will exercise its discretion to allow a late filing.  See Advisory Committee Note to Supp. R. G(8) ("As with other pleadings, the court should strike a claim or answer only if satisfied that an opportunity should not be afforded to cure the defects under Rule 15."); United States v. 2007 Chrysler 300 Touring VIN:2C3KA53G27H883668, No. CIV 10–0246 JB/WDS, 2011 WL 1119701, at *11

(D.N.M. Mar. 10, 2011) (allowing Claimants ten days to cure any defects under very similar circumstances).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that Plaintiff's Motion to Strike Answer for Lack of Standing filed September 26, 2011 (Doc. 31) is denied and that Claimant shall be given 14 days from the date of entry of this order to remedy any deficiency.

DATED this 23rd day of November 2011, at Santa Fe, New Mexico.

/s/ Paul Kelly Jr.
United States Circuit Judge
Sitting by Designation

Counsel:

Kenneth R. Gonzales, United States Attorney, Stephen R. Kotz and Cynthia L. Weisman, Assistant United States Attorneys, Albuquerque, New Mexico, for Plaintiff.

Laura K. Vega, Chavez Law Offices, PA, Albuquerque, New Mexico, for Claimant.