IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>2008 TOYOTA CAMRY LE<br>*VIN: 4T1BE46K58U787702*,<br><br>      Defendant,<br><br>and<br><br>DOMINIC LUERAS,<br><br>      Claimant. | No. 1:11-cv-00310-PJK-DJS |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of the United States' Motion for Summary Judgment filed October 21, 2011 (Doc. 36). Upon consideration thereof, the motion is well taken and should be granted.

Background

This is an in rem civil action for the forfeiture of a 2008 Toyota Camry. Doc. 1 (Complaint) ¶¶ 1, 3. Claimant Dominic Lueras filed a judicial claim stating that he is the owner of the Defendant vehicle which he inherited from his late grandfather. Doc. 43-1.

This is the second time the vehicle has been subject to a federal forfeiture proceeding. It was seized in January 2010, but the government and Mr. Lueras settled the matter with Mr. Lueras paying $5,000 (forfeited to the government) and the government returning the vehicle. See United States v. 2008 Toyota Camry VIN:4T1BE46K58U787702, No. 1:10-cv-00621-RB-WDS, (D.N.M. Sept. 2, 2010) (final judgment). Unfortunately, according to the government's summary judgment evidence, on November 18, 2010, a confidential informant (CI) made a controlled buy of methamphetamine from Mr. Lueras while inside the vehicle. Doc. 36 at 3, ¶ 1; 36-1. The next day, the police executed a search warrant on Mr. Lueras's residence and vehicle, finding several items of drug paraphernalia and plastic bags containing marijuana, cocaine, and methamphetamine. Id. at 3, ¶ 2. Subsequently, Mr. Lueras made several incriminating statements including that he was the only person that drove the car and that, had he known drugs were in the car, he would have sold them. Id. at 3-4, ¶ 3.

Discussion

Though Mr. Lueras's response to the summary judgment motion is untimely, the court will consider it. Title 21 U.S.C. § 881(a)(4) provides for forfeiture of "[a]ll conveyances, including . . . vehicles . . . which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of" illicit controlled substances, listed chemicals, or equipment. See Austin v. United States, 509 U.S. 602, 620 (1993) (statute ties forfeiture to the commission of

drug offenses).  The government has the burden of proof by a preponderance of evidence to show that the property is subject to forfeiture.  18 U.S.C. § 983(c)(1).  According to the government, the vehicle was used to transport and facilitate the transportation, sale, possession, and concealment of methamphetamine in November 2010.[1]  Doc. 36 at 7. The government is required to prove a substantial connection between the vehicle and the offense.  18 U.S.C. § 983(c)(3).  Apparently, Mr. Lueras seeks to contest whether this substantial connection exists by seeking discovery concerning the controlled buy of methamphetamine in the vehicle.  Pursuant to Fed. R. Civ. P. 56(d)(2), he seeks to discover the identity and depose the CI.  Doc. 42 at 3-4.

     A party is entitled to summary judgment when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a). Once the movant meets its initial burden, the non-movant must identify sufficient evidence that would enable the trier of fact to find in its favor.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  The rules allow for deferring consideration of a summary judgment motion while a non-movant obtains discovery.  See Fed. R. Civ. P. 56(d)(1) & (2).  Such a request is not well taken here.  To obtain such a reprieve, the non-movant must address, inter alia, the steps taken to obtain the facts it will rely upon and how those facts will enable it to defend against summary judgment.  See Valley Forge Ins. Co. v. Health Care Mgmt., 616 F.3d 1086, 1096 (10th Cir. 2010).  Here, the

---

[1] The government also makes the same claim regarding the vehicle and the events of January 2010.

government responded to Mr. Lueras's discovery requests, and the time for discovery has ended.  The government represents that Mr. Lueras never sought depositions prior to the close of discovery, and a party who has been dilatory should not be allowed to gain an advantage through what would amount to a continuance.  See United States v. All Assets and Equipment of West Side Bldg. Corp., 58 F.3d 1181, 1190-91 (7th Cir. 1995).  Second, given the uncontroverted affidavit of the detective implicating Mr. Lueras in the CI's controlled buy, it is hardly apparent how the identity and deposition of the CI would aid Mr. Lueras in contesting the forfeiture.   Moreover, the drugs and drug paraphernalia found in the vehicle plainly support forfeiture.  Mr. Lueras's incriminating statements also do not bode well for a forfeiture defense.  The government's uncontroverted summary judgment motion establishes by a preponderance of the evidence that the vehicle is subject to forfeiture given the applicable law.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that:

(1) the United States' Motion for Summary Judgment filed October 21, 2011 (Doc. 36) is granted.

(2) the non-jury trial setting on January 24, 2012 is hereby vacated.

DATED this 16th day of December 2011, at Santa Fe, New Mexico.

                                              *Paul Kelly, Jr.*
                                             United States Circuit Judge
                                              Sitting by Designation

Counsel:

Kenneth R. Gonzales, United States Attorney, Stephen R. Kotz and Cynthia L. Weisman, Assistant United States Attorneys, Albuquerque, New Mexico, for Plaintiff.

Laura K. Vega, Chavez Law Offices, PA, Albuquerque, New Mexico, for Claimant.